## FEDERAL RESERVE BANK OF PHILADELPHIA v. LEVY.

### No. 6608.

Circuit Court of Appeals, Third Circuit.

May 14, 1938.

BUFFINGTON, Circuit Judge, dissenting.

James S. Clifford, Jr., and McCoy, Brittain, Evans & Lewis, all of Philadelphia, Pa., for appellant.

Louis Levinson, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

This appeal raises a question of Negotiable Instrument Law. The action was by an endorsee against an endorser. The note was drawn by the maker to the order of himself. The maker as payee endorsed it and below his endorsement appears that of the defendant. The latter was an accommodation endorser. Above the endorsement appears a waiver of protest &c. The note was not protested and no notice of dishonor was given the defendant. There were other defenses submitted to the jury. The verdict was for the plaintiff subject to the point of law reserved of whether the failure to protest relieved the defendant as endorser. The District Court entered judgment for the defendant on the point of law reserved.

It may be helpful to view the case first without the Negotiable Instruments Act, 56 P.S.Pa. § 1 et seq., and then as affected by it. The plaintiff to recover must prove two contracts of the defendant, one to pay the note, if dishonored, and he is given notice, and the other a waiver of such notice. The endorsement was offered as evidence of both contracts. That the endorsement is the usual endorser's contract must be admitted. That he may waive notice of dishonor and protest is undoubted. He may do this by a writing dehors the note. We see no reason that he may not do this by a writing on the note. The question is did he do it by his endorsement? The answer must be not by that alone. The next question is did he do it by signing his name under the waiver. An endorsement is an implied contract to pay if the maker does not and the endorser has notice of dishonor. The defendant

having endorsed after the first endorser endorsed a note upon which the first endorser had waived notice, the endorsement of the second endorser was not his agreement that he also waived notice. Had the waiver been on the face of the note the endorser would have been bound by it. The Act, 56 P.S.Pa. § 233, anticipates this very situation and provides that such a waiver, as here, is that of the first endorser only. The endorsed waiver in the present case was in the following words: "Demand, Protest and notice of protest of the within note is hereby waived."

Judgment is affirmed, with costs.

BUFFINGTON, Circuit Judge, dissents.